**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cr-60341-BLOOM**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROSARIO ZANELLI PERALTA,

    Defendant.

_____/

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Rosario Zanelli Peralta's ("Defendant") Motion for Compassionate Release Resentencing and Request for Home Confinement, ECF No. [76] ("Motion"). The Government filed its Response in Opposition, ECF No. [82], to which Defendant filed a Reply, ECF No. [83]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On July 14, 2017, the Court sentenced Defendant to a term of imprisonment of 27 months, followed by a two-year term of supervised release, for the conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. ECF No. [35]. Defendant is 44 years old and currently incarcerated at Aliceville FCI with a projected release date of April 14, 2022. The BOP denied Defendant's compassionate release request on January 19, 2021. ECF No. [76-3]. Defendant now asks the Court, for the second time,[1] to be released in light of the COVID-19 pandemic because she has

---

[1] *See* ECF No. [57] (denying Defendant's request for compassionate release due to the failure to exhaust administrative remedies).

preexisting health conditions—namely, asthma and obesity—which put her at a greater risk of contracting a severe case of COVID-19. The Government opposes the Motion.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States is currently reporting more confirmed cases of COVID-19 and resulting deaths than any other country, with close to 33,225,000 confirmed cases and over 595,500 reported deaths as of June 10, 2021.[2] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The Attorney General has made the express finding that extant emergency conditions are materially affecting BOP functioning and has directed the BOP to immediately maximize transfers to home confinement for all eligible inmates at the specifically named facilities and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease

---

[2] *COVID Data Tracker*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#trends_dailytrendscases (last updated June 10, 2021).

Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## II. LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief specifically under the compassionate release provision, § 3582(c)(1)(A), which states:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The *existing* policy statement provides that,

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>> (1)(A) extraordinary and compelling reasons warrant the reduction; or
>>
>> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) **Medical Condition of the Defendant.**—

        (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) **Family Circumstances.**—

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018). Defendant argues that the Court is not bound by the existing Sentencing Guidelines policy statement and may exercise its discretion in determining the existence of extraordinary and compelling reasons.

Although the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons," the Court of Appeals for the Eleventh Circuit recently decided that § 1B1.13 is applicable for all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly, and that courts do not have discretion to develop "other reasons" to justify a reduction in a defendant's sentence. *See United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist.

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled to a sentence modification.

> *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is

warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III. DISCUSSION

In the instant Motion, Defendant requests a sentence modification to home confinement, arguing that her asthma and obesity present extraordinary and compelling circumstances warranting release, especially in light of COVID-19. The Government opposes the request, arguing that neither of Defendant's medical conditions present any severe circumstances that create extraordinary or compelling reasons for her release. Upon review and consideration, the Court concludes that Defendant does not establish circumstances warranting compassionate release.

As an initial matter, the Court recognizes that Defendant has satisfied the administrative exhaustion inquiry of the compassionate release analysis, and the Government does not dispute that the exhaustion requirement has been satisfied. *See* ECF No. [76-3]. However, as explained below, Defendant nonetheless fails to demonstrate extraordinary and compelling circumstances.

Recently updated CDC guidance indicates that the following health conditions can make adults of any age more likely to get severely ill due to COVID-19: cancer; chronic kidney disease; chronic lung diseases, including asthma (moderate to severe); dementia or other neurological conditions; diabetes (type 1 or type 2); Down syndrome; heart conditions, such as heart failure, coronary artery disease, cardiomyopathies, or hypertension; HIV infection, immunocompromised state (weakened immune system); liver disease; overweight and obesity; sickle cell disease or thalassemia; current or former smoking; solid organ or blood stem cell transplant; stroke or

cerebrovascular disease; and substance use disorders.[3] The CDC also states that people with moderate-to-severe or uncontrolled asthma are more likely to be hospitalized from COVID-19.[4] Defendant asserts that her asthma and obesity put her at a high risk of serious illness or death if exposed to COVID-19. The Government responds that these conditions do not present extraordinary and compelling circumstances, and that Defendant's medical conditions are being sufficiently managed and treated in custody.

Indeed, in keeping with § 1B1.13, in order for Defendant's medical conditions to provide justification for compassionate release, the Court must find that Defendant is either suffering from a terminal illness, or that her serious physical or medical condition, or serious functional or cognitive impairment, substantially diminishes her ability to provide self-care and from which she is not expected to recover. *See* U.S. Sent'g Guidelines Manual § 1B1.13, cmt. 1(A). Moreover, contrary to Defendant's argument that the Court is not bound by the Sentencing Guidelines, recent Eleventh Circuit precedent in *Bryant* makes clear that this Court is confined to the circumstances described in the Sentencing Guidelines. 996 F.3d at 1248. Upon review of Defendant's Motion and her medical records, the Court concludes that the record in this case simply does not support either finding under the Sentencing Guidelines. While the Court is certainly sympathetic to Defendant's health conditions and her concerns regarding COVID-19 outbreaks in prison facilities, Defendant has failed to demonstrate that extraordinary and compelling circumstances exist here.

---

[3] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).

[4] *People with Moderate to Severe Asthma*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last updated Apr. 7, 2021).

Defendant's medical records do not indicate that her conditions are terminal. *See* ECF No. [78]. As the Government notes, these records reflect that Defendant's treatment for asthma is ongoing, and the records contain no indication that Defendant has suffered any complications from her asthma beyond needing prescription medication and an inhaler, which she has received. Nor has Defendant pointed to any deterioration of her health due to her asthma or her obesity. Defendant's medical records do not otherwise support the conclusion that she is unable to perform activities of daily living or provide adequate self-care. Further, Defendant's medical records do not reflect that her treatments while incarcerated are inadequate to address her medical needs, and she otherwise fails to provide any evidence or argument that her health is deteriorating. Moreover, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . .")). In sum, the medical records in this case reflect that Defendant is receiving adequate treatment for her asthma, and there is no indication that her ability to provide self-care in the prison setting is significantly diminished as a result of her asthma or her obesity. Defendant has therefore failed to establish that extraordinary and compelling circumstances exist in this case that would warrant a sentence modification and her Motion is due to be denied.[5]

---

[5] Because Defendant's Motion fails to establish any extraordinary and compelling circumstances under the compassionate release analysis, the Court need not address the remaining considerations under § 3553(a) or § 3142(g).

Case No. 16-cr-60341-BLOOM

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [76]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 11, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record